<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL[1]</td></tr>
<tr>
<td>MMG INVESTMENTS IV, LLC<br><br>Recurrido<br><br>v.<br><br>J.C. AIR CONDITIONING & GENERAL CONTRACTORS, INC., JOSÉ ANTONIO CORREA ORTIZ, **WANDA IVETTE SERRANO RAMOS** Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; ESTADOS UNIDOS DE AMÉRICA<br><br>Peticionaria</td>
<td>TA2025CE00336</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.: KCD2012-1286<br><br>Por: Cobro de Dinero y Ejecución de Hipoteca</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de agosto de 2025.

En un caso de ejecución de hipoteca cuya sentencia se dictó en octubre de 2012, el Tribunal de Primera Instancia ("TPI"), mediante una Orden notificada el 21 de agosto de 2025, denegó una solicitud de posposición de una vista señalada para el 26 de agosto de 2025. La moción fue presentada por la Sa. Wanda Ivette Serrano Ramos (la "Peticionaria"). Los antecedentes de este caso constan en una Resolución emitida por este Tribunal recientemente (véase caso núm. TA2025CE00112).

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (TA2025CE00112).

En la moción de traslado de vista, la Peticionaria planteó que había "perdido varios de los documentos necesarios para nuestra posición" y solicitó "al menos 45 días para gestionar representación legal adecuada".

El 22 de agosto de 2025, la Peticionaria presentó el recurso que nos ocupa, por derecho propio, junto con una moción en auxilio de jurisdicción, mediante la cual solicitó la paralización del proceso ante el TPI. Asevera que la "hipoteca es contra las leyes" y que "requiere tiempo" para "reunir la evidencia".

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Examinado el expediente, hemos determinado, en el ejercicio de nuestra discreción, guiada por los factores enumerados en la Regla 40, *supra*, que procede denegar la expedición del auto solicitado. La Peticionaria no ha demostrado que el TPI haya cometido error alguno o incurrido en algún abuso de discreción en el manejo del caso.

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari* solicitado, así como la moción en auxilio de jurisdicción presentada el 22 de agosto de 2025.

Notifíquese inmediatamente.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones